340 So.2d 563 (1976)
STATE of Louisiana
v.
August JONES.
No. 58115.
Supreme Court of Louisiana.
December 13, 1976.
Thomas J. Ford, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Geraldine S. Veazey, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State by bill of information jointly charged August Jones and Barbara Williams with possession with the intent to distribute heroin, in violation of LSA-R.S. 40:966. Both defendants were arraigned and pleaded not guilty. On April 17, 1975, the date set for trial, Barbara Williams did not appear in court and the trial court granted the State's oral motion for a severance so that the proceedings against defendant would not be delayed. After a bench trial, the trial court judge found the defendant guilty and sentenced him to ten-years imprisonment.
The defendant appeals his conviction and sentence, relying upon two assignments of error.[1]

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, defendant argues that the trial court erred in denying his request for a continuance based on the absence of witness Barbara Williams. The motion was made orally.
*564 The Louisiana Code of Criminal Procedure Articles 707, 709, and 712 provide, respectively, that:
LSA-C.Cr.P. Art. 707:
"An application for a continuance shall be by written motion alleging specifically the grounds upon which it is based, and when made by a defendant, must be verified by his or his counsel's affidavit."
LSA-C.Cr.P. Art. 709:
"A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness."
LSA-C.Cr.P. Art. 712:
"A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor."
Defendant's oral request for a continuance does not meet the requirements set forth above. A motion for a continuance shall be by written motion alleging specifically the grounds upon which it is based. When no written motion for continuance appears of record, the denial thereof will not be considered. State v. Bullock, La., 329 So.2d 733 (1976); State v. Brown, La., 322 So.2d 211 (1975); State v. Jarrow, La., 331 So.2d 1 (1976).
Moreover, the record reflects that the trial court did grant the defendant relief in that he delayed his judgment for five days to allow defendant to locate his witness. Therefore, although the judge did not delay the normal progress of the trial and the taking of evidence, essentially he granted defendant an additional five days in which to locate his witness and present her testimony for consideration.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant reserved Assignment of Error No. 2 to the court's overruling of the objection which he made when the State offered the heroin recovered from Barbara Williams into evidence as Exhibits 1 and 2.
At the time of defendant's trial, LSA-C. Cr.P. Art. 703(A) provided:
"A. A defendant aggrieved by an unconstitutional search or seizure may move to suppress for use as evidence at the trial on the merits, any tangible objects or other property, or documents, books, papers or other writings, on the ground that they were so obtained. A motion filed under the provisions of this paragraph must be filed no later than three judicial days before the trial on the merits begins, unless opportunity therefor did not exist or the defendant was not aware of the ground for the motion. The court in its discretion may permit the filing of such a motion to suppress at any time before or during the trial."
Defense counsel objected at the trial to the reception of the evidence on the grounds that it was illegally seized and "ought to be suppressed."
We find nothing in the record to show that the defendant did not have an opportunity to file a motion to suppress prior to trial. Hence, under Article 703, objection to the admission of the tangible evidence was waived. See State v. Womack, La., 283 So.2d 708 (1973); State v. Cormier, La., 272 So.2d 686 (1973); State v. Franklin, 263 La. 344, 268 So.2d 249 (1973).
Moreover, we find no merit in the contention that the evidence was unconstitutionally seized.
At approximately 2 o'clock a. m., on June 23, 1974, Officers Samuel Huntley and Raymond Reed of the New Orleans Police Department Felony Action Squad drove past an intersection and observed money changing hands in what appeared to be a drug transaction. Officer Reed parked the unmarked *565 police car in the next block and set up surveillance of the corner through a pair of binoculars, while Huntley positioned himself across the street posing as a drunk. On seven or eight separate occasions, the officers observed different subjects, some of whom were known to the officers as narcotics addicts, approach defendant and give him money in exchange for small foil packets which defendant produced from his right sock. Huntley testified that Williams occasionally served as a go-between in these transactions.
According to a pre-arranged signal, the officers simultaneously moved in on defendant, but were apparently recognized in advance of their arrival because as they approached, defendant removed a cellophane envelope from his sock and shoved it into Ms. Williams' brassiere. The officers placed defendant and Ms. Williams under investigation and advised them of their rights. Officer Reed informed Ms. Williams that she would either be taken to Central Lockup, or if she preferred, a policewoman could be summoned to conduct a field frisk of her person. She then voluntarily gave him the cellophane packets which she had concealed, and both she and the defendant were placed under arrest. While the officers were questioning the two suspects, several men approached defendant and asked if he had any "stuff" for sale; he responded in the negative. The three packets recovered from Ms. Williams were subsequently tested and found to contain heroin.
The officers had probable cause to search defendant's companion. Therefore, as the officers advised her of her constitutional rights, the surrender of the evidence violated no constitutional safeguard.
Assignment of Error No. 2 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Although defendant filed three assignments of error, we will consider only Assignments of Error Nos. 1 and 2. Assignment of Error No. 3 was neither briefed nor argued and is, therefore, considered abandoned. State v. Blanton, La., 325 So.2d 586 (1976); State v. Carlisle, La., 315 So.2d 675 (1975); State v. Richmond, La., 284 So.2d 317 (1973).