358 So.2d 1243 (1978)
STATE of Louisiana
v.
Alfred LABOSTRIE.
No. 60579.
Supreme Court of Louisiana.
May 22, 1978.
*1245 Patrick D. McArdle, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Timothy W. Cerniglia, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Alfred Labostrie was charged by the grand jury in the same indictment with two separate counts of distribution of a controlled dangerous substance, to-wit: heroin, in violation of La.R.S. 40:966. After trial by jury, defendant was found guilty of possession on count one and guilty as charged on count two. Separate sentences were imposed by the court on defendant for each conviction. Subsequently, the district attorney filed an information accusing defendant of previous felony convictions under La.R.S. 15:529.1 (Habitual Offender Law). After hearing, the trial judge found defendant to be an habitual offender, vacated the previously imposed sentences, and sentenced him to serve ten years at hard labor on his conviction for possession and to life imprisonment at hard labor on his conviction for distribution. The court expressly directed the sentences to be served consecutively. Defendant was given credit toward service of his sentences for time spent in actual custody prior to imposition of sentences. On appeal, defendant relies on twenty-three assignments of error for reversal of his convictions and sentences.[1]

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to quash grounded on a claim of misjoinder of offenses in the same indictment. He also contends the trial judge erred in denying his pretrial motion for a severance of offenses.
The record reveals that on April 16, 1975, defendant agreed to sell to Officer Larry Taplin, an undercover agent for the New Orleans Police Department, four bundles of heroin at a cost of $600. On the following day, Taplin met with defendant at the latter's home at which time defendant informed the agent that he could obtain only two bundles of heroin for him at that time but would supply Taplin with the remaining two bundles either later that evening or on *1246 the following day. Taplin then purchased the two bundles of heroin for $300 and agreed to return at a later time for the other two bundles. On the next day (April 18), Taplin again met with defendant at the latter's home and purchased from him the remaining two bundles of heroin for $300. Subsequently, defendant was arrested and charged in the same indictment with two separate counts of distribution of heroin.
The joinder of offenses is governed by La.Code Crim.P. art. 493 which provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
In the instant case, the two acts of distribution of heroin charged in the indictment were connected together and constituted parts of a common scheme or plan on defendant's part to sell to Officer Taplin four bundles of heroin at an agreed price of $600. The two offenses constituted violations of the same statute (La.R.S. 40:966) which provides for a mandatory punishment of life imprisonment at hard labor; hence, each offense was triable before a jury of twelve persons, ten of whom must concur to render a verdict. Accordingly, the offenses joined were triable by the same mode of trial. In view of the foregoing, the two offenses were properly joined in the same indictment. The trial judge did not err in denying defendant's motion to quash the indictment.
When an accused has been charged in the same indictment with two or more offenses pursuant to La.Code Crim.P. art. 493, he may apply for a severance of offenses under La.Code Crim.P. art. 495.1 which provides:
The court, on application of the prosecuting attorney, or on application of the defendant shall grant a severance of offenses whenever:
(a) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or
(b) if during the trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The Court shall consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.
Where the offenses joined are connected with or constitute parts of a common scheme or plan,[2] the critical question which must be determined by the trial judge presented with a motion for severance of offenses is whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense. La.Code Crim.P. art. 495.1; State v. Proctor, 354 So.2d 488 (La.1977).
In the case before us, defendant was charged in the same indictment with distribution of heroin on two separate occasions. The two acts of distribution were similar in nature in that in each instance the distribution was made to the same individual, Officer Taplin, at defendant's home within a period of approximately twenty-four hours of each other as part of a scheme to sell to the individual a total of four bundles of heroin at an agreed price. The evidence adduced by the state to establish defendant's participation in the offenses consisted primarily of the testimony of Officer Taplin and members of the surveillance team who witnessed the acts of distribution. Their testimony was presented in a clear and concise *1247 manner. Moreover, since the charges were for a violation of the same statute (La.R.S. 40:966), there should have been no confusion in the application of the law to the offenses. Under these circumstances, we find that the non-complex nature of the evidence and the singularity of the applicable law rendered the case appropriate for trial in a joined situation. We, therefore, conclude that in this case the trier of fact could compartmentalize the evidence and apply the law intelligently as to each offense and that defendant was not unfairly convicted on the basis of prejudice or confusion instead of on the evidence of his crimes. La.Code Crim.P. art. 495.1; State v. Proctor, supra. Accordingly, the trial judge did not err in denying defendant's pretrial motion for a severance of offenses.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in denying his challenge for cause of prospective juror H. S. Darby. He argues that the prospective juror was not impartial.
On voir dire examination, Mr. Darby testified that, because he had served on a jury in a similar case on the previous day which case lasted until the early evening hours, he might find it difficult to give his undivided attention to the instant case. However, he stated that he would try and, upon questioning by the court, stated that he would give defendant a fair trial and would require the state to prove every element of the offenses charged before finding defendant guilty. Mr. Darby was then questioned by defense counsel as to whether, because of his prior jury service in a similar case, he had formed a predisposition as to these types of cases. The prospective juror, although at first expressing an uncertainty in the event Officer Taplin was involved since he was the undercover agent in the prior case and his testimony had been very convincing, concluded that he first would have to hear evidence presented at trial in deciding defendant's guilt or innocence. Defendant's challenge of Mr. Darby for cause was denied by the trial judge. Thereafter, defendant exercised a peremptory challenge against Mr. Darby and exhausted his peremptory challenges before the completion of the jury panel. La.Code Crim.P. art. 800.
La.Code Crim.P. art. 797 provides in relevant part:
The state or the defendant may challenge a juror for cause on the ground that:
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
This court has repeatedly held that the trial judge is vested with broad discretion in ruling on challenges for cause, and only where it appears, upon review of the voir dire examination as a whole, that the judge's exercise of that discretion has been arbitrary or unreasonable, resulting in prejudice to the accused, will this court reverse the ruling of the trial judge. State v. Sheppard, 350 So.2d 615 (La.1977); State v. Passman, 345 So.2d 874 (La.1977); State v. Weathers, 320 So.2d 895 (La.1975).
The fact that Mr. Darby had served on a jury in another case in which Officer Taplin had testified and had considered his testimony in that case to have been convincing does not of itself make him partial. During voir dire examination, the prospective juror indicated that, although he had found Officer Taplin's testimony to have been convincing in the prior case, he would decide defendant's guilt or innocence in the instant case based on the evidence presented at trial. Furthermore, he stated that he would give defendant a fair trial and would require the state to prove every element of the offenses charged before finding defendant guilty. We are satisfied that Mr. Darby's testimony on voir dire examination, *1248 taken as a whole, demonstrates that the trial judge did not abuse his discretion in denying defendant's challenge for cause of this prospective juror.
Assignment of Error No. 3 lacks merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in sustaining the state's challenge for cause of prospective juror Lillie B. DeLavallade.
During voir dire examination, Mrs. DeLavallade testified that her son had been charged with a drug-related offense based on information supplied by an undercover narcotics agent who testified against her son at trial. Her son was subsequently acquitted. Based on this personal experience with undercover narcotics agents, the prospective juror emphatically stated that, if an undercover agent was called as a witness in the instant case, under no circumstances would she believe his testimony. The trial judge excused the prospective juror for cause.
As previously stated, La.Code Crim.P. art. 797 provides that the state or defendant may challenge a prospective juror for cause on the ground that "[t]he juror is not impartial, whatever the cause of his partiality." The trial judge is vested with wide discretion in determining the qualifications of jurors to serve at a trial and his ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. State v. George, 346 So.2d 694 (La.1977). In view of the testimony of Mrs. DeLavallade on voir dire examination that under no circumstances would she believe the testimony of an undercover narcotics agent, we are satisfied that the trial judge did not abuse his discretion in sustaining the state's challenge for cause of this prospective juror.
Furthermore, the record reveals that the state used only five of the twelve peremptory challenges allowed by law under the provisions of La.Code Crim.P. art. 799. Hence, even had we determined that the trial judge improperly sustained the state's challenge, defendant, would be entitled to no relief. It is well settled that the erroneous allowance to the state of a challenge for cause does not afford the defendant a ground for complaint, unless the effect of such ruling is the exercise by the state of more peremptory challenges than it is entitled to by law. La.Code Crim.P. art. 800; State v. George, supra; State v. Ross, 343 So.2d 722 (La.1977); State v. Skelton, 340 So.2d 256 (La.1976).
Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in permitting the state, over defense objection, to advert in its opening statement to statements made by defendant to Officer Taplin in arranging for the sale of heroin to the undercover narcotics agent. He argues that these conversations were inculpatory statements which the state was prohibited by law from referring to in its opening statement and which could not be admitted in evidence without prior written notice.
La.Code Crim.P. arts. 767 and 768 provide:
Art. 767:
The state shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant.
Art. 768:
If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.
As used in the above provisions, the term "inculpatory statement" refers to the out-of-court admission of incriminating facts made by a defendant after the crime has been committed. It relates to past events. State v. Miles, 339 So.2d 735 (La.1976); State v. Brumfield, 329 So.2d 181 (La.1976); State v. Williams, 326 So.2d 815 (La.1976); State v. Wells, 306 So.2d 695 (La.1975); *1249 State v. Crockett, 262 La. 197, 263 So.2d 6 (1972); State v. Fink, 255 La. 385, 231 So.2d 360 (1970).
In the instant case, Officer Taplin had been informed by defendant shortly before the commission of the crimes to call on him if the undercover agent ever wished to purchase heroin. Pursuant to this offer, Taplin made arrangements to purchase heroin from defendant. The out-of-court utterances made by defendant to the undercover agent occurred either prior to the commission of the offenses or as an incident to the criminal conduct and, therefore, were part of the res gestae. Since the statements were made by the defendant before or at the time the crimes were committed, they were not inculpatory statements and, hence, were not subject to the rules relating to inculpatory statements set forth in La.Code Crim.P. arts. 767 and 768.
Assignment of Error No. 5 is without merit.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
NOTES
[1] Defendant has neither briefed nor argued Assignments of Error Nos. 2 and 6 through 23. Hence, we consider them to have been abandoned. State v. Blanton, 325 So.2d 586 (La. 1976); State v. Carlisle, 315 So.2d 675 (La. 1975).
[2] Since this is not a case which involves the joinder of offenses of the "same or similar character," the severance issue in this case raises none of the issues raised in State v. Carter, 352 So.2d 607 (La.1977). State v. Proctor, 354 So.2d 488 (La.1977).