362 So.2d 510 (1978)
STATE of Louisiana
v.
Dave CARTER.
No. 61538.
Supreme Court of Louisiana.
September 5, 1978.
*511 Jake Shapiro, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Charles J. Yeager, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Dave Carter was indicted by the grand jury in the same indictment for six counts of aggravated rape (La.R.S. 14:42), four counts of aggravated crime against nature (La.R.S. 14:89.1), and one count of aggravated burglary (La.R.S. 14:60). After trial before a jury of twelve persons, defendant was found guilty as charged on all counts by a unanimous verdict. Defendant was sentenced to confinement at hard labor for fifty years on each of the six counts of aggravated rape, fifteen years on each of the four counts of aggravated crime against nature, and thirty years on the count of aggravated burglary. Sentences on all counts were ordered to be served consecutively. On appeal, defendant relies on two assignments of error for reversal of his convictions and sentences.

FACTS
On the night of June 4, 1977, two young girls, both in their early teens, were babysitting with three small children. At about 11:00 o'clock, they were folding clothes in the living room; the three children were asleep on sofas. Defendant entered the room from the direction of the back bedroom and told the girls to "freeze." He was wearing a stocking-type mask on his face and carrying a pistol. He pulled the girls *512 by the hair, forcing them into the back bedroom. Defendant asked the girls if they had any money. They had only a few pennies. He pulled his mask to the top of his head and lowered his pants to just above his knees. The girls could see his face and also viewed a tattoo on one of his legs. At gunpoint, defendant then alternatively raped both victims several times and committed at least four acts of aggravated crime against nature. One girl was raped four times, twice vaginally and twice anally; the other was raped twice, once by each method. Defendant also inserted the pistol in the vagina of one of the girls. The acts of aggravated crime against nature included oral copulation and other acts of unnatural carnal copulation. Defendant left the scene after taking some unidentified item from a drawer in another bedroom. The entire episode lasted approximately one hour. Both victims positively identified defendant as the perpetrator of these crimes.
Dr. Walter Cloud, assistant coroner for Rapides Parish, testified that he examined both victims during the early morning hours after commission of the alleged offenses. He stated that his examination of both girls revealed evidence of forcible vaginal and anal intercourse. He further expressed an opinion that both girls had been virgins prior to the forcible intercourse.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to quash the indictment. The pretrial motion alleged a misjoinder of offenses and also sought a severance of offenses.
First, we consider the claim of misjoinder of offenses. Defendant argues that the offenses charged were misjoined in the same indictment because they were not triable by the same mode of trial. Specifically, he argues that aggravated rape (a capital offense at the time of commission of the instant offenses) could not be joined with aggravated crime against nature and aggravated burglary (both punishable by confinement necessarily at hard labor) because the modes of trial differ for the two categories of offenses. We do not agree.
La.Code Crim.P. art. 493 provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial. (Emphasis added.)
La.Const. art. 1, § 17, states in pertinent part:

A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict. (Emphasis added.)
In State v. McZeal, on rehearing, 352 So.2d 592 (La.1977), the accused was charged in the same indictment with aggravated rape (a capital offense at the time of occurrence) and armed robbery (punishable by confinement necessarily at hard labor). McZeal objected to misjoinder of the offenses on the basis that they were not triable by the same mode of trial. This court found that the requirement in La.Code Crim.P. art. 493, that offenses joined must be triable by the same mode of trial, referred to the four modes of trial indicated by La.Const. art. 1 § 17, viz, trial by judge, trial by jury in cases in which the punishment may be with or without hard labor, trial by jury in cases in which the punishment necessarily is with hard labor, and trial by jury in cases in which the punishment may be capital. We rejected the *513 state's argument that the misjoinder of offenses in McZeal was cured by Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976), which declared unconstitutional Louisiana's mandatory death penalty for aggravated rape, thereby insulating McZeal from capital punishment. In rejecting this argument, we stated:
[I]n similar circumstances when the imposition and execution of a statutory death penalty has been judicially reprobated, we have held that the crime and procedural devices applicable to the conduct punishable by the statute remain intact. State v. Whatley, 320 So.2d 123 (La.1975); State v. Flood, 263 La. 700, 269 So.2d 212 (1972); State v. Holmes, 263 La. 685, 269 So.2d 207 (1972). It follows, therefore, that the defendant's right to all of the procedural safeguards which accompany a capital charge remained intact. These necessarily included his right to be tried before a jury of twelve, all of whom must concur to render a verdict, and his right to have quashed an indictment joining this offense with another offense not triable by the same mode of trial. Consequently, the misjoinder of offenses in this case was not cured or rendered benign by Selman. (Emphasis added.)
Accordingly, finding that the indictment in McZeal represented a misjoinder of offenses under La.Code Crim.P. art. 493 and such misjoinder was conclusively prejudicial, we reversed the convictions and sentences and remanded the cases for separate trials.
However, the instant case is clearly distinguishable from McZeal. The aggravated rapes herein were allegedly committed on June 4-5, 1977. At that time, La.R.S. 14:42 (aggravated rape) provided for punishment by death. However, on June 29, 1977, the United States Supreme Court rendered its decision in Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977). In Coker, the Supreme Court reviewed the death sentence imposed for aggravated rape of an adult woman and "concluded that a sentence of death is grossly disproportionate and excessive punishment for the crime of rape and is therefore forbidden by the Eighth Amendment as cruel and unusual punishment." (Footnote omitted.) By Act 343 of 1977, which became effective prior to the trial of this matter, the legislature amended the penalty provision of La. R.S. 14:42 from punishment by death to life imprisonment without benefit of parole, probation or suspension of sentence. In accordance with La.Const. art. 1, § 17, the trial judge in the instant case instructed the jury that, in order to reach a verdict, it was necessary that ten jurors agree. The actual verdict was unanimous.
The distinguishing factor between McZeal and the instant case is that the imposition and execution of the statutory death penalty had been only "judicially reprobated" at the time of trial in McZeal, whereas, prior to trial in the instant case, the legislature had amended the penalty for aggravated rape from punishment by death to life imprisonment without benefit of parole, probation or suspension of sentence.
The mode of trial is determined by the possible penalty. La.Const. art. 1, § 17: State v. McZeal, supra. Whereas aggravated rape, prior to the effective date of Act 343 of 1977, as a capital offense, was triable before a jury of twelve persons, all of whom must concur to render a verdict, the offense is now punishable by confinement necessarily at hard labor and is therefore triable before a jury of twelve persons, ten of whom must concur to render a verdict. Hence, the mode of trial for aggravated rape was changed as a result of the amendment to its penalty provision. Moreover, this change is procedural in nature. State v. McZeal, supra; State v. Holmes, 263 La. 685, 269 So.2d 207 (1972). A procedural change which does not affect an accused's substantive rights in the prosecution of a criminal offense is applicable to the trial of the offense after the effective date of the change even though the particular offense was committed prior to that date.[1]See, e. *514 g., State v. King, 355 So.2d 1305 (La. 1978) and State v. Sepulvado, 342 So.2d 630 (La. 1977). Accordingly, in the instant case, the change in the mode of trial of aggravated rape resulting from the amendment to its penalty provision was applicable to the trial of this matter, which occurred after the effective date of the amendment, even though the offenses were allegedly committed prior thereto.
Since aggravated rape was punishable by confinement necessarily at hard labor at the time of trial of the instant offenses, the proper mode of trial for the aggravated rape offenses was trial before a jury of twelve persons, ten of whom must concur to render a verdict. The offenses of aggravated crime against nature and aggravated burglary are also punishable by confinement necessarily at hard labor and, thus, triable before a jury of twelve persons, ten of whom must concur to render a verdict. La.Const. art. 1, § 17; La.R.S. 14:89.1; La. R.S. 14:60. Therefore, all of the offenses charged in the instant indictment were triable by the same mode of trial, in conformity with La.Code Crim.P. art. 493. The trial judge did not err in denying defendant's motion to quash grounded on the claim of misjoinder of offenses.
Next, we consider defendant's contention that the trial judge erred in denying his pretrial application for a severance of offenses.
When an accused has been charged in the same indictment with two or more offenses pursuant to La.Code Crim.P. art. 493, he may apply for a severance of offenses under La.Code Crim.P. art. 495.1 which provides:
The court, on application of the prosecuting attorney, or on application of the defendant shall grant a severance of offenses whenever:
(a) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or
(b) if during the trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The Court shall consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.
Where the offenses joined are connected with or constitute parts of the same transaction,[2] the critical question which must be determined by the trial judge presented with a motion for severance of offenses is whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense. La.Code Crim.P. art. 495.1; State v. Labostrie, 358 So.2d 1243 (La.1978); State v. Proctor, 354 So.2d 488 (La.1977).
In the case before us, defendant was charged in one eleven-count indictment with three types of offenses, aggravated rape, aggravated crime against nature, and aggravated burglary. All of the offenses were committed at the same place and within a one-hour time span. Only two victims were involved, whose testimony constituted the essence of the state's case. The victims, two young girls, related in simple terms the consecutive events constituting each of the crimes charged and the elements thereof. The aggravating factor of all of the offenses was shown by one basic fact, i. e., defendant possessed and threatened the victims with a gun. Only three types of offenses were at issue, and *515 the trial judge carefully and clearly explained the elements of each to the jury. We, therefore, conclude that in this case the trier of fact could compartmentalize the evidence and apply the law intelligently as to each offense and that defendant was not unfairly convicted on the basis of prejudice or confusion instead of on the evidence of his crimes. La.Code Crim.P. art. 495.1; State v. Labostrie, supra; State v. Proctor, supra. Accordingly, the trial judge did not err in denying defendant's pretrial application for a severance of offenses.
In sum, Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant first contends the trial judge erred in denying his motion for a new trial based on the grounds urged in Assignment of Error No. 1. For the reasons assigned, we find no merit to this contention.
Defendant also assigns as error the trial judge's denial of his motion for a new trial grounded on the claims that the verdict is contrary to the law and evidence and that the ends of justice would be served by granting a new trial. La.Code Crim.P. art. 851(1) and (5). He argues that the identity of defendant as the perpetrator of the instant offenses was not proven beyond a reasonable doubt and that the record contains evidence of only six of the ten sex offenses charged.
It is well settled that an allegation that the verdict is contrary to the law and evidence presents nothing for this court's appellate review. State v. Drew, 360 So.2d 500 (La.1978); State v. Cass, 356 So.2d 936 (La.1978); State v. Fowlkes, 352 So.2d 208 (La.1977); State v. Williams, 343 So.2d 1026 (La.), cert, denied, 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287 (1977); State v. Jack, 332 So.2d 464 (La.1976). Likewise, an allegation that the ends of justice would be served by granting a new trial is a ground upon which the trial judge may grant a new trial. It presents nothing for this court's appellate review. State v. Matthews, 354 So.2d 552 (La.1978); State v. Williams, supra; State v. D'Ingianni, 217 La. 945, 47 So.2d 731 (1950). In any event, we have reviewed the record and find substantial evidence of both defendant's identity as the perpetrator of the offenses charged and the commission of each of the ten sex offenses.
In sum, the trial judge did not err in denying defendant's motion for a new trial. Assignment of Error No. 2 is without merit.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
CALOGERO, J., concurs and assigns reasons.
CALOGERO, Justice, concurring.
I concur despite my misgivings about the propriety of trying, over defense objection, these numerous charges. In arguing entitlement to a severance defendant expressly sought only severance of the aggravated burglary charge from the ten "sex" charges. Counsel for defendant merely read from his written motion the allegation that the offenses charged were numerous and complex, then urged severance of the aggravated burglary charge while arguing his motion. He did not otherwise explain or argue what offenses should be severed. The trial judge might reasonably have assumed that the only severance being sought was that to which the defense expressly referred; two trials rather than one were apparently sought, with all the sex offenses against both victims to be tried in one proceeding. Thus viewing the circumstances surrounding this assignment of error, I do not believe that denial of severance was reversible error. See State v. Proctor, 354 So.2d 488 (La.1977).
NOTES
[1] Such application is not barred by the constitutional prohibition against application of an ex post facto law. The ex post facto prohibition comes into effect only when a law creates or aggravates a criminal offense, increases the punishment therefor, or changes the rules of evidence for the purposes of conviction. Calder v. Bull, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798).
[2] Since this case is not one which involves the joinder of offenses of the "same or similar character," the severance issue in this case raises none of the issues raised in State v. Carter, 352 So.2d 607 (La.1977). State v. Labostrie, 358 So.2d 1243 (La.1978); State v. Proctor, 354 So.2d 488 (La.1977).