352 So.2d 607 (1977)
STATE of Louisiana
v.
Wayne J. CARTER.
No. 59831.
Supreme Court of Louisiana.
November 14, 1977.
Rehearing Denied December 14, 1977.
*608 Peter W. Arbour, Lake Charles, Cordell H. Haymon, Ltd., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Warren Hebert, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Wayne J. Carter was charged in a single bill of information with two counts of armed robbery. He was tried and convicted on both counts, and was thereafter sentenced to serve a term of thirty years imprisonment with credit for time served on each count, the sentences to run concurrently. Defendant appeals, relying upon seventeen assignments of error.
The most significant of his assignments deal with the fact that he was charged and tried in a single trial for committing two unrelated armed robberies. In assignment of error number one, he urges that the trial court erred in failing to grant his motion to quash on the basis that the charge contained a misjoinder of offenses in violation of Article 493 of the Code of Criminal Procedure, and of his right to due process under the state and federal constitutions. In assignment of error number two, he urges that the trial court erred in denying his motion for a severance of the two counts as provided in Article 495.1 of the Code of Criminal Procedure.
In order to fully appreciate defendant's arguments, it is necessary to provide some background in the area of joinder and severance. Joinder of offenses is the charging of an accused with two or more crimes as multiple counts in a single indictment. Unless these offenses are later severed, and hence, split for separate trials, all offenses joined in one charge will be tried together at a single trial.
Until very recently, Louisiana had very restrictive provisions on joinder of offenses. The law generally prohibited a prosecutor from joining more than one offense in one indictment. C.Cr.P. art. 493 (1966);[1]see, generally, 37 La.L.Rev. 203 (1967). The stated reasons for this rule were that a cumulation of offenses could create prejudice against the accused, and would increase the likelihood that a jury might use
"evidence adduced in support of one charge to convict the accused of another charge not independently nor adequately proved. The jury, from the very nature of the human intellect, would unconsciously permit the two sets of facts to merge or blend together." Official Revision Comment to C.Cr.P. art. 493 (1966).
In that rare case when a prosecutor improperly joined offenses, a defendant could have the error corrected by filing a motion to quash on the basis of misjoinder (charging in the same indictment two or more offenses which may not properly be included in one indictment) or duplicity (charging in the same count of an indictment two or more separate offenses). See C.Cr.P. arts. 491, 493, 495 (1966). Because almost no joinder of offenses was allowed under Louisiana law, no motion for severance of offenses *609 was necessary or available under the 1966 Code.[2]
Unlike these earlier restrictive Louisiana joinder rules, the federal rules of criminal procedure generally allow a prosecutor the option of charging an accused with one or more offenses in the same indictment when the offenses are of the same or a similar character, are based on the same transaction, or are parts of a common scheme or plan.[3] Likewise, the American Bar Association Standards for Joinder and Severance [hereinafter ABA Standards] suggest a rule allowing joinder in these circumstances.[4]
Although the federal rules and the ABA Standards are very similar in terms of joinder of offenses, they offer very different rules for severance of offenses. The federal rule allows a trial judge the discretion to order, on motion of defendant or the government, a variety of remedies, including a severance of the offenses, upon a showing of prejudice.[5] The ABA Standard for severance is quite different. It offers a defendant an absolute right to sever, any time the offenses with which he has been charged were joined solely for the reason that they are of "the same or similar character," and it provides that in other types of joined offenses the court on pre-trial motion, "[should] grant a severance of offenses whenever . . . it is deemed appropriate to promote a fair determination of each offense."[6] (emphasis supplied).
In 1975, the Louisiana legislature, apparently responding to a need for increased efficiency in the handling of criminal trials, liberalized the restrictive state rule on joinder of offenses and adopted, basically, the federal rule on joinder of offenses. Code of Criminal Procedure Article 493 now allows a prosecutor the option of charging a defendant *610 with one or more offenses, triable by the same mode of trial, so long as the offenses 1) are "of the same or similar character," 2) are "based on the same act or transaction or on two or more acts or transactions connected together", or 3) constitute "parts of a common scheme or plan."[7] The legislature also added to our law a provision for severance of joined offenses, but rather than following the federal rule as it had for the joinder, the legislature adopted most of the ABA Standard on severance. Article 495.1 provides in full that:
"The court, on application of the prosecuting attorney, or on application of the defendant shall grant a severance of offenses whenever:
(a) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or
(b) if during the trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The Court shall consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of the fact will be able to distinguish the evidence and apply the law intelligently as to each offense."
In summary, we recognize that the federal rules allow joinder of offenses of the same or similar character but provide that the trial court may, in its discretion, sever the offenses for separate trials upon a showing of prejudice by either party. The ABA Standards likewise allow joinder of the same or similar offenses but offer defendant an absolute right to severance when offenses have been joined solely on that ground. Our newly-adopted Louisiana provision is a cross between these two. Although the prosecutor has the option to join into one indictment offenses of the same or similar character, on application of the defendant or the state, the court "shall grant" a severance of offenses whenever "it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense."
In the context of this case we must interpret for the first time just what that statutory language means.

ASSIGNMENT OF ERROR NO. 1
Defendant argues that the judge[8] erred in failing to grant his motion to quash which urged that the two offenses were wrongly joined in a single indictment.
As we have previously stated, joinder of offenses is now regulated by Article 493 of the Code of Criminal Procedure which allows a single indictment to charge an accused with multiple offenses "if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial." Since it has been conceded that the robberies with which defendant Carter was charged were neither "based on the same transaction" nor "parts of a common plan," the issue before us is whether these two unrelated armed robberies were offenses "of the same or similar character." Defendant argues that the disparate facts of these two robberies preclude their being crimes of the "same or similar character" because the robberies were not committed in a similar manner nor under similar circumstances. On the other hand, *611 the state contends that there was a sufficient similarity to permit joinder as offenses of "the same or similar character" because both offenses were armed robberies committed within the space of five days and because both are subject to the same mode of trial. Both the state and defense agree that because our state legislature substantially adopted the federal rule on the subject of joinder of offenses, this Court, faced with this issue of first impression under state law, should look to the federal jurisprudence as persuasive authority for interpretation of our state statute.
Under federal jurisprudence, joinder of these two armed robberies would have been proper. In Chambers v. United States, 112 U.S.App.D.C. 240, 301 F.2d 564 (1962), defendant was convicted in an indictment containing six counts of housebreaking and larceny which occurred over a nine-day period. The court held that joinder of these offenses was appropriate. In a case with very similar facts, joinder of two incidents of housebreaking of the same apartment within a nine-day period was upheld in Bradley v. United States, 140 U.S.App.D.C. 7, 433 F.2d 1113 (1969). In Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964), the court held that one count of robbery and one count of attempted robbery were properly joined under the federal rule because they were similar offenses (even though the court went on to determine that a requested severance should have been granted).
Defendant argues that certain limitations on joinder are implicitly recognized in Daly v. United States, 119 U.S.App.D.C. 353, 342 F.2d 932 (1965) and Gray v. United States, 123 U.S.App.D.C. 39, 356 F.2d 792 (1966). Specifically, he argues that the courts there approved of joinder only because the offenses were of a similar or recurring pattern which made them of a similar character. We find in these cases no such limitations. In Daly, defendant had falsely held himself out to the public as a licensed physician and was charged with various offenses relating to that criminal activity, such as false pretenses and unlawful practice of the healing arts. The court held joinder proper as either "same or similar character" joinder or "common scheme or plan" joinder. In Gray, defendant was convicted on two counts of robbery where the modus operandi was the same in each case. The Court found no plain error prejudicing defendant in the single trial of these offenses. In both cases joinder was found to be proper. These cases are consistent with the other federal case law to the effect that joinder of offenses is ordinarily appropriate where the respective counts refer to the same type of offenses which occurred over a relatively short period of time. United States v. Hoog, 504 F.2d 45 (8th Cir. 1974); Bradley v. United States, supra; Hill v. United States, 135 U.S.App.D.C. 233, 418 F.2d 449 (1968); Johnson v. United States, 356 F.2d 680 (8th Cir. 1966); United States, supra; Chambers v. United States, supra.
It is clear to us that under federal jurisprudence joinder of the armed robbery which occurred at the Hollywood Cleaners and the armed robbery which occurred at the Bonanza Steak House five days later was permissible. Analogizing to this jurisprudence, we find as a matter of state law that these two offenses, both armed robberies, were properly consolidated as counts in a single indictment pursuant to Code of Criminal Procedure Article 493 because they were offenses of the same or similar character. For this reason, defendant's assignment of error complaining that the trial judge erred in failing to grant his motion to quash because of misjoinder of offenses lacks merit.

ASSIGNMENT OF ERROR NO. 2
That the offenses were legally joined is not fully dispositive of defendant's complaints, for he argues that he moved for, and was entitled to, a severance, and that the judge erred in refusing to grant his motion therefor.[9]
*612 As earlier noted, a trial court, when faced with a pre-trial motion to sever offenses legally joined "shall grant severance" when "it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense." See C.Cr.P. art. 495.1, quoted fully hereinabove. This severance provision does not follow the discretionary rule of its counterpart federal severance provision ("the court may order"). Nor did the legislature adopt the language of the Louisiana article providing for severance of co-defendants ("justice requires a severance"), a standard which has consistently been interpreted to place the severance decision in the trial judge's discretion. C.Cr.P. art. 704; State v. Thibodeaux, 305 So.2d 769 (La.1975); State v. Medlock, 297 So.2d 190 (La.1974); State v. Smith, 283 So.2d 470 (La.1973). Instead, the legislature adopted the mandatory language of the ABA Standard which states the court "shall grant a severance," admittedly not at defendant's option (a choice the ABA Standard allows when offenses of the same or similar character are involved) but rather under the "appropriate to promote" circumstance.
The commentary to the ABA Standards[10] points out that "appropriate to promote. . ." does not require a finding that a defendant will be prejudiced before severance is required "inasmuch as it is often difficult for the court to determine in advance of trial (when most severance motions will be presented) that the defendant will in fact be prejudiced." ABA Standards, § 2.2(b), p. 33. The ABA commentary also points up the difference between pre-trial severance (see our Art. 495.1(a)) and during-trial severance (see our Art. 495.1(b)). It explains that the test
"differs somewhat, depending upon whether the court is deciding the question before or during trial. The somewhat broader, `appropriate to promote' test is applicable before trial, when the decision often must be made by speculating on what will occur during the trial. By contrast, the `necessary to achieve' test is applicable when the court is confronted with a severance motion during the trial." Id.

The pre-trial severance standard adopted by the Louisiana legislature, therefore, is one which requires a severance, in both the same or similar character offenses and related offense situations, on motion of defendant or the state, when under the circumstances it is "appropriate to promote a fair determination of the defendant's guilt or innocence of each offense." At the pretrial hearing, the court is not required to determine that defendant will necessarily be prejudiced by a single trial. Rather, the focus is on the respective separate offenses, and according to the ABA commentary quoted above, the test is broader than the test used during trial because the nature of the trial evidence is still a matter of speculation.
Even with this background, the meaning of Article 495.1(a) is not clear. We are nonetheless required to interpret it. What is clear is that Article 495.1(a) requires a severance before trial if appropriate to promote a fair determination of the defendant's guilt or innocence of each offense. If, and under what circumstances, severance is to be deemed appropriate to promote this fairness determination, somewhat like considerations of due process, addresses itself more to this Court's construction, at least to the extent of our having to fix its parameters, than to the discretion of the trial judge. Although we believe that there remains with the trial judge some discretion in a severance grant or refusal, it is a discretion within limits drawn by this Court. It is therefore proper in this our first review of the 1975 statute that we fix those boundaries as they are pertinent to this case.
*613 It is settled law that evidence of commission of a crime is not admissible to prove an accused's disposition to commit crime, from which the jury may infer that he committed a second crime, the crime charged. R.S. 15:446; State v. Gaines, 340 So.2d 1294 (La.1976); State v. Moore, 278 So.2d 781 (La.1973). Evidence tending to reveal an accused's disposition to commit crime although in a general sense relevant[11] (i.e. isn't a "bad" man more likely to have committed the charged crime than another person?) is nonetheless excluded from a trial unless it can be shown that the evidence serves an independent legitimate purpose. Where evidence of more than one crime is offered to the jury because more than one crime is charged in the indictment, the evidence as to all crimes charged tends to cumulate to prove each, thus prejudicing the defendant in his right to a separate consideration of his guilt or innocence on each charge. C.Cr.P. art. 493 (1966), official revision comment. For this reason, the likelihood of "criminal disposition" prejudice is no less in a situation where defendant is being tried for multiple offenses which have been joined in one indictment than it is if evidence as to another offenses were admitted during trial of a single offense.
Notwithstanding the general exclusion of other crimes, they may be introduced for certain statutorily defined purposes. If, for example, several crimes were committed by a defendant as part of a continuing criminal transaction, evidence as to each crime is admissible at trial of the others because it is part of the res gestae. R.S. 15:447, 448; State v. Kaufman, 331 So.2d 16 (La.1976); State v. Brown, 321 So.2d 516 (La.1975). Additionally, evidence of crimes other than the one for which defendant is on trial is admissible as "other crimes" evidence when the two incidents "exhibit such peculiar modes of operation to distinguish them as the work of one person" and when they are relevant to a material issue in the case. State v. Gaines, supra at 1297. Also: R.S. 15:446; State v. Ledet, 345 So.2d 474 (La. 1977); State v. Frederick, 340 So.2d 1353 (La.1976); State v. Lee, 340 So.2d 1339 (La.1976); State v. Slayton, 338 So.2d 694 (La.1976); State v. Waddles, 336 So.2d 810 (La.1976); State v. Moore, supra; State v. Prieur, 277 So.2d 126 (La.1973). However, even if relevant as a "signature" crime under R.S. 15:446, the other crime may still be excluded if its probative value is outweighed by its prejudicial effect.
Consequently, in a case where evidence as to extraneous crimes is admissible, either because they are part of the "res gestae" (R.S. 15:447, 448) or are legitimate "other crimes" (R.S. 15:446), the possibility of "criminal disposition" prejudice would in no way be enlarged by the fact of joinder of offenses. This is so because defendant could be no more prejudiced in having two juries hear evidence of two crimes in separate trials than by having one jury hear evidence of both crimes in a joint trial. Therefore, if evidence of the two robberies of which defendant Carter stands convicted would have been respectively admissible at separate trials as "res gestae" or "other crimes," such evidence in support of the two crimes in a single trial would be equally permissible. In such a situation a severance would not be appropriate to promote a fair determination of the defendant's guilt or innocence of each offense. In this conclusion, we agree with the reasoning of federal courts which look to the mutual admissibility of evidence to decide on the appropriateness of severance. United *614 States v. Riley, 530 F.2d 767 (8th Cir. 1976); United States v. Bussey, 139 U.S.App.D.C. 268, 432 F.2d 1330 (1970); Bradley v. United States, supra; Gregory v. United States, 125 U.S.App.D.C. 140, 369 F.2d 185 (1966); Drew v. United States, supra; see 8 Moore's Federal Practice § 8.05[2] (2nd edition).
For this reason we hold that when crimes, which have been joined simply because they are the same or similar character offenses, are indeed legitimate "other crimes" under Prieur and its progeny (the offenses are sufficiently similar, the evidence is relevant to a real issue in each case, and the prejudicial effect of the evidence does not outweigh its probative value), a decision not to sever the crimes will normally be proper. Conversely, we hold that when offenses, which have been joined solely because they are same or similar character offenses, are not legitimate "other crimes" under Prieur and its progeny, they should normally be severed upon pretrial motion of the accused or the state. We desist, however, from setting out absolute rules as to same of similar character offense joinder because we cannot say that there will never arise compelling reasons to grant a severance when the offenses are admissible under Prieur,[12] nor to deny a severance when the offenses are not admissible under Prieur.[13]
We now consider whether under the facts and circumstances of this case the judge properly refused to grant the requested severance under Article 495.1(a).
At the outset we should note that in making the pre-trial ruling the judge was not left to speculate concerning the facts surrounding the respective crimes because he had the benefit of a preliminary hearing at which those facts were brought out.[14] The first robbery took place on March 16, 1973 at eleven-thirty in the morning at the Hollywood Cleaners in Baton Rouge, Louisiana. A man wearing a blue leisure suit with an open-neck shirt and blue cap entered the cleaners. He asked Ms. Grace, who was behind the counter, for "Carter's clothes." When she told him there were no clothes for anyone named Carter, he took out a small handgun and ordered her to open the cash register. He removed about sixty dollars in bills from the register and took some cash, checks and credit cards from Mrs. Ellison's purse. He left the establishment on foot.
The other robbery took place five days later on March 21st at the Bonanza Steak House at 9:15 a.m., before the restaurant was open for business. Two men appeared at the door and told Clyde McCormick that they had a package for Mr. Dominick. When McCormick unlocked the door, they entered, pulled out a long-barreled revolver, and asked for money. Upon being told that McCormick had no access to money, they put him in a small room where cleaning equipment was kept and then rummaged through the offices and the cash register. Apparently finding no money, they took the keys to McCormick's truck and left the premises in it. McCormick testified that the robber he identified as defendant Carter wore a red jacket and matching hat, blue pants, and platform shoes.
In the case at hand evidence of the two crimes would not have been respectively admissible in separate trials under State v. Prieur and its progeny. Although both of the robberies occurred within five days of each other in the same general area of Baton Rouge, they were otherwise dissimilar. One man robbed the cleaners during *615 business hours; two men robbed the restaurant while it was closed. The woman robbed at the cleaners was not tied or locked up; the janitor at the restaurant was kept in a storage area during the robbery. A small gun was utilized in the cleaners incident; the restaurant robbery was effected with a long-barrelled gun. The clothes worn by the perpetrators bore no similarity. Money, checks and credit cards were stolen in the first robbery, while truck keys and a truck were taken in the second. In short, the crimes themselves are extremely dissimilar, and would not have been respectively admissible at separate trials as "other crimes" evidence. R.S. 15:446; State v. Gaines, supra; State v. Slayton, supra; State v. Waddles, supra.[15]
Therefore, since the offenses joined against defendant Carter were joined solely because they were the same or similar character offenses and since they were not respectively admissible as "other crimes" evidence under R.S. 15:446, it would have been appropriate to a fair determination of defendant's guilt or innocence on each charge to sever the trials. The case presents no compelling reason to deviate from the normal rule. Therefore, the district judge should have under Article 495.1 of the Code of Criminal Procedure granted a severance of these offenses on defendant's pre-trial motion. This assignment has merit.

Decree
For these reasons, defendant's convictions and sentences are reversed, and the cases are remanded to the district court for further action not inconsistent with the views expressed herein.
REVERSED AND REMANDED.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent.
NOTES
[1] Under the former Article 493 the rule was this:" No indictment shall charge more than one offense, except as otherwise provided in this Title, but the same offense may be charged in different ways in several counts." C.Cr.P. art. 493 (1966).
[2] Code of Criminal Procedure Article 704 provides for severance of jointly indicted defendants, but not for severance of offenses charged against one defendant.
[3] Rule 8(a) of the Federal Rules of Criminal Procedure provides:

"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."
[4] American Bar Association Standard 1.1 provides in full that:

"Two or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses, whether felonies or misdemeanors or both:
(a) are of the same or similar character, even if not part of a single scheme or plan; or
(b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." American Bar Association Project in Minimum Standards for Criminal Justice relating to Joinder and Severance, Approved Draft, 1968.
[5] The federal severance provision is Rule 14 of the Federal Rules of Criminal Procedure which reads:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."
[6] American Bar Association Standard 2.2 provides in full that:

"(a) Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses.
(b) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (a), should grant a severance of offenses whenever:
(i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or
(ii) if during trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The court should consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense."
American Bar Association Project on Minimum Standards for Criminal Justice relating to Joinder and Severance, Approved Draft, 1968.
[7] Article 493 of the Code of Criminal Procedure now provides in full that:

"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial."
[8] The judge who ruled on defendant Carter's motions to quash and to sever was a different judge than the one who later conducted his trial.
[9] In a related assignment of error (assignment number 10), defendant argues that the trial court erred in overruling his objection lodged during the trial at the taking of evidence of the second offense. Because of our decision herein, we find it unnecessary to deal with this assignment or the other errors defendant alleges on appeal.
[10] The commentary admittedly concerns "same transaction" or "common plan" situations, and not the "same or similar character" crimes.
[11] In State v. Gaines, supra at p. 1296 we noted that other crimes are always relevant but evidence thereof is

"nonetheless excluded, not because it fails to tend to prove the defendant's guilt, but because it does it too well and thereby deprives the `bad man' of the fair trial and benefit of the presumption of innocence and the State's burden of proof. However, when the extraneous offense is logically relevant to prove a material issue before the jury and is not merely offered to prove that on this occasion the accused probably acted in conformity with his `criminal disposition, then the evidence should not be excluded merely because it shows that the accused has committed other offenses."
[12] Although we cannot and should not here list every such instance that we can envision, we do note that no single trial should be had on so many offenses, albeit Prieur -related, that an accused is confounded in his defense or that the jury may not be able to compartmentalize the respective proof as to each crime.
[13] We can conceive, for example, of a situation in which the state's evidence as to several crimes is so overlapping and totally singular that trial should be had on all the joined crimes at one time.
[14] In other cases hearing on the motion for severance affords a trial judge a similar opportunity to entertain facts concerning the respective offenses. See State v. Ledet, 345 So.2d 474 (La. 1977).
[15] Since we find that these crimes were not sufficiently similar in their facts to have been admissible under Prieur and its progeny, we find it unnecessary to decide whether in this case the evidence of each "other crime" was relevant to a material issue in the respective cases, or whether this evidence was more probative than prejudicial.