357 So.2d 1100 (1978)
STATE of Louisiana
v.
Richard NELSON.
No. 60908.
Supreme Court of Louisiana.
April 10, 1978.
Rehearing Denied May 19, 1978.
John J. Dolan, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
*1101 DIXON, Justice.
Defendant Richard Nelson was charged by bill of information with three counts of aggravated burglary and one count of attempted second degree murder. He was tried on all four counts before a jury and found guilty of two counts of aggravated burglary, one count of simple burglary and one count of attempted second degree murder. He was sentenced to serve ten years imprisonment on count one, aggravated burglary; twenty years imprisonment on count two, aggravated burglary; and ten years imprisonment on count three, simple burglary[1]the sentences to run consecutively. He was also sentenced to serve nine years imprisonment on count four, attempted second degree murder; the sentence to run concurrently with the other three. On appeal, the sole assignment of error relied upon for reversal questions the propriety of joining the four offenses for trial.
The defendant was charged with the aggravated burglary of three uptown New Orleans residences: the first occurring on September 1, 1976, the second on September 8, 1976, and the third on September 9, 1976. During the second, the owner of the burgled house was attacked by the burglar and sustained near fatal stab wounds, giving rise to the second degree murder charge. The residences burglarized were located in the same neighborhood, and each was entered by the burglar between 10:30 p. m. and midnight. The defendant was positively identified as the perpetrator of the offenses by the inhabitants of the residences.
Prior to trial, the defendant filed a motion which read as follows:
"MOTION TO QUASH BILL OF INFORMATION
Now into Court through undersigned counsel comes the defendant herein, who moves the Court that the Bill of Information filed in this matter is defective to his prejudice and should be quashed for the following reasons:
1. As stands the bill of information filed by the State in this matter contains a misjoinder of separate offenses, specifically to time, date, location and alleged victim, thereby setting up a trial situation that will prejudice the defendant's rights afforded by United State's (sic) Constitutional guarantees under the Fifth, Sixth and Fourteenth Amendments.
2. Mover relies on the interpretation of Article 493 of the Code of Criminal Procedure and the Severance of Offense Article of 495.1 of the La.Code of Criminal Procedure, to substantiate his request to quash this present bill of information filed against him.
WHEREFORE, the mover for the aforecited reasons stated in this motion requests that the present bill of information filed against him be quashed and that a contradictory hearing be had on this matter with the State of Louisiana on a time and date to be fixed by this Court."
The motion was denied by the trial court without a hearing.
In 1975 the legislature liberalized the rules governing joinder of offenses by amending C.Cr.P. 493 to provide:
"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial."
The joinder of the offenses with which the defendant was charged did not offend the liberal provisions of C.Cr.P. 493.
*1102 The three aggravated burglaries are clearly of the "same or similar character" and the attempted second degree murder occurred during the commission of one of the burglaries and thus constituted part of the "same act or transaction." See State v. Proctor, 354 So.2d 488 (La.1977); State v. Holstead, 354 So.2d 493 (La.1977); State v. Carter, 352 So.2d 607 (La.1977).
That the several offenses were properly joined under C.Cr.P. 493 does not necessarily sanction their joint trial. C.Cr.P. 495.1, added by the legislature in 1975, provides:
"The court, on application of the prosecuting attorney, or on application of the defendant shall grant a severance of offenses whenever:
(a) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or
(b) if during the trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The Court shall consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense."
The State argues initially that the issue of whether the defendant should have been granted a severance is not presented on appeal because the defendant failed to file a "motion for severance" and thus waived any objection he may have had. While it is true that the only pre-trial motion relevant to this issue was captioned "Motion to Quash Bill of Information" and not "Motion for Severance," we are not persuaded by the State's argument that the defendant waived the severance issue. In paragraph 2 of the motion, the defendant's counsel specifically relied upon C.Cr.P. 495.1 for the severance of the offenses. A rigid and formalistic approach denying the defendant the relief sought in the body of the motion merely because of the failure to include in the caption the words "motion for severance" would retard rather than advance the interests of justice. Accordingly, we hold that the severance issue was presented to the trial court through the defendant's motion.
In State v. Holstead, supra, we outlined the issues presented the trial judge when ruling on a pretrial motion to sever:
". . . one of the critical questions to be determined by the trial judge presented with a severance motion is `whether, in view of the number of offenses charged and the complexity of the evidence. . . offered, the trier of fact [could] distinguish the evidence and apply the law intelligently as to each offense.' C.Cr.P. art. 495.1; State v. Proctor, 354 So.2d 488 (La.1977). A second issue to be decided in a case such as this one is whether the offenses joined because they are of the `same or similar character' under Article 493 (as opposed to `same transaction' or `common plan' joinder), are admissible as similar acts under R.S. 15:445 and 446. State v. Carter, 352 So.2d 607, handed down November 14, 1977. . . ." 354 So.2d 493, 495.
Our recent cases dealing with the first question indicate that the following problems should be considered by the trial judge:
"`. . . the jury may become confused in trying to apply the applicable law and evidence to the correct offense; that the jury may consider that a person charged with doing so many things is a bad man who must have done something, a feeling that might lead to a cumulation of the evidence; that the judge might find it difficult to adequately charge a jury as to the law with respect to each offense; that the prosecutor may find it troublesome to present his evidence in a compartmentalized and understandable manner; and that a defendant may be confounded or embarrassed in his defense because of the sheer number or complexity of the charges against him. See: United States v. Catena, 500 F.2d 1319 (3rd Cir. 1974); United States v. Clayton, 450 F.2d 16 (1st Cir. 1971); Daly v. United *1103 States, 119 U.S.App.D.C. 353, 342 F.2d 932 (1964); Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964); United States v. Quinn, 365 F.2d 256 (7th Cir. 1966); United States v. Lotsch, 102 F.2d 35 (2nd Cir. 1939); United States v. Moreton, 25 F.R.D. 262 (W.D.N.Y.1960); Wright, 1 Federal Practice and Procedure § 222, p. 435; 8 Moore's Federal Practice §§ 8.05[2], 14:03. Moreover, there is no doubt that the greater the number of offenses charged and the degree of their complexity, the greater the likelihood of the occurrence of any or all of these dangers. 8 Moore's Federal Practice § 8.02[1].'" State v. Holstead, supra, at 495-96, quoting from State v. Proctor, supra, at 491.
In the present case the defendant was tried for three similar aggravated burglaries and an attempted second degree murder arising out of one of the burglaries. Because of the relatively uncomplicated nature of the offenses and because the number of offenses joined was not too great (compare with State v. Holstead, supra), there was little danger that the jury would be unable to distinguish the evidence and intelligently apply the law to each offense.
Error was committed, however, in failing to sever the offenses on the basis of the second inquiry noted above. In State v. Carter, supra, we held that when evidence of the joined offenses would not have been respectively admissible in separate trials under R.S. 15:445 and 446, the defendant is entitled to a severance of the offenses. At the outset we note that evidence of the attempted second degree murder would have been admissible at the trial of the aggravated burglary during which the stabbing occurred because it forms part of the res gestae of that offense. See R.S. 15:447, 448. Evidence of the aggravated burglaries, however, would not have been properly admitted at the trial of the others, had they been tried separately. While the offense of aggravated burglary requires specific intent to commit a felony or theft (R.S. 14:62), intent was not a real and genuine contested issue at trial.[2]C. f. State v. Moore, 278 So.2d 781 (La.1973). The evidence of the other crimes would have a cumulative effect alone and only serve to depict the defendant's bad character or propensity for criminal conduct. See State v. Ledet, 345 So.2d 474 (La.1977); State v. Frederick, 340 So.2d 1353 (La.1976); State v. Prieur, 277 So.2d 126 (La.1973).
Accordingly, we hold that the trial court erred in denying the defendant's motion and that the offenses should have been severed. The convictions are reversed, the sentences set aside, and the case is remanded for new trials.
SANDERS, C. J., dissents.
SUMMERS, J., dissents. I would affirm the conviction and order resentencing of the simple burglary conviction.
MARCUS, J., dissents and assigns reasons.
DENNIS, J., concurs and assigns additional reasons.
MARCUS, Justice (dissenting).
In view of the similarity of the method and plan of operation employed by defendant in the three burglary offenses and the close connexity in both time and location among the offenses, I consider that evidence of all three offenses would be admissible in the prosecution for each in order to show "system," or modus operandi. La.R.S. 15:445 and 446; State v. Lee, 340 So.2d 1339 (La.1976); State v. Jones, 332 So.2d 466 (La.1976). Hence, defendant was not entitled to a severance of the offenses. I would affirm the convictions and sentences.
DENNIS, Justice, concurring with additional reasons.
When a person is charged with a crime, our law forbids the State to use testimony *1104 or evidence concerning other illegal acts to convict the person of the crime, except in certain instances. One such instance, which the State contends is applicable here, is when the charged crime and the other illegal acts are "signature crimes," i. e., when they are "so peculiarly distinctive that one must logically say they are the work of the same person." State v. Lee, 340 So.2d 1339, 1345 (La.1976) (concurring opinion). In the instant case the three criminal incidents bear some similarity but they are not so peculiarly distinctive that they can fairly be considered as signature crimes.
The salient features of the three burglaries were as follows:
(1) 7809 Dominican Street, September 1, 1976. At 10:30 p. m., as the victim was coming out of the shower, she saw a man in the hall with "something" in his hand, either a chisel, screwdriver or knife with the point broken off. He made her put a blanket over her head and led her through the various rooms in her apartment. She was able to escape from her apartment and the burglar. After the escape she realized her neck had been cut. Her purse was taken.
(2) 315 Pine Street, September 8, 1976, after midnight a man entered the occupant's bedroom with a flashlight. A struggle ensued and the intruder ran out through the kitchen. Afterward the occupant discovered that a large kitchen knife had been stolen, and that he had been cut in the throat area and was bleeding profusely.
(3) 330 Pine Street, September 9, 1976, at about midnight one of the victims awoke and saw someone in her bedroom. She screamed and a man ran out of the house. Later, the victim and her husband discovered that both of their wallets had been stolen, along with some dice and a butcher knife from a kitchen drawer. The burglar apparently got in through a window in a utility room.
In my opinion the common marks of the three incidents are so lacking in distinctiveness, and so like the features of many other crimes that are committed every day, that the evidence of each offense had little, if any, probative value on any issue involved in the trial of the other crimes. Thus, the evidence of these three separate criminal episodes was not sufficiently related to warrant a joint trial or the interchangeable use of evidence in what should have been separate prosecutions.
The rule of law which has been applied here is not a new one. It is based upon an act of the legislature which was first adopted in 1928. La.Acts 1928, No. 2, § 1, articles 444-6. The rule has been stated over and over by this Court. State v. Burnette, 353 So.2d 989 (La.1978); State v. Jackson, 352 So.2d 195 (La.1977); State v. Ledet, 345 So.2d 474 (La.1977); State v. Frederick, 340 So.2d 1353 (La.1976); State v. Gaines, 340 So.2d 1294 (La.1977); State v. Slayton, 338 So.2d 694 (La.1976); State v. Clark, 338 So.2d 690 (La.1976); State v. Jones, 332 So.2d 466 (La.1976); State v. Price, 325 So.2d 780 (La.1975); State v. Vince, 305 So.2d 916 (La.1974); State v. Hicks, 301 So.2d 357 (La.1974); State v. Harrison, 291 So.2d 782 (La.1974); State v. Moore, 278 So.2d 781 (La.1973); State v. Prieur, 277 So.2d 126 (La.1973). It has been recognized by nationally prominent scholars of criminal evidence law. 1 Wigmore, Evidence, § 194 (3d ed. 1940); McCormick on Evidence, § 190 (Cleary ed. 1972). It is designed to prevent a prosecutor, who does not have a solid case, from overcoming a lack of evidence in one prosecution by combining it with other weak cases and, purely through a cumulative effect, gaining convictions which could not be obtained if the cases were tried separately. It is a rule with which conscientious prosecutors, who are interested in the cause of justice and not just conviction rates, should agree and not attempt to circumvent.
NOTES
[1] The maximum penalty legislated for simple burglary (R.S. 14:62) is nine years imprisonment at hard labor. The trial court's sentence of ten years, as reflected in the official court minutes, therefore constitutes error patent on the face of the record. However, because we find reversible error in defendant's assignment of error requiring new trials, the sentencing error is without practical significance.
[2] In order to determine whether the other crimes evidence would be relevant to a contested issue, the trial judge must be apprised of the nature of the prosecutions either through evidence adduced at a preliminary hearing or in the hearing on the motion for severance. See State v. Carter, supra, at note 14.