358 So.2d 1285 (1978)
STATE of Louisiana
v.
David LEWIS.
No. 61231.
Supreme Court of Louisiana.
May 22, 1978.
*1286 Michael L. Karmazin, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant David Lewis was indicted for two counts of second degree murder, in violation of R.S. 14:30.1. After a two-day jury trial, he was acquitted on the first count and found guilty of manslaughter on the second count. Initially defendant was sentenced to serve 15 years at hard labor; however, he was subsequently adjudicated a quadruple offender, R.S. 15:529.1, and sentenced to 30 years at hard labor.
In Assignment of Error No. 1, defendant contends the trial court erred in denying his motion to quash the indictment for misjoinder of offenses. C.Cr.P. 532(3). In Assignment of Error No. 2, defendant alleges that the trial judge's denial of his motion to sever the offenses for separate trials constituted prejudicial error. Finding merit in defendant's second assignment of error, we reverse.
The evidence disclosed the following circumstances surrounding each offense:
(1) At 445 Josephine Street, New Orleans, on April 8, 1976, 1:30 AM, Gerald Brown, a boyfriend of defendant's cousin, was shot in the back six times with a .22 caliber pistol. The event, outside of the home of defendant's cousin and her common-law husband, was unwitnessed. Before the victim died he purportedly named Edward Dennis (an alias for David Lewis) as the perpetrator.
(2) At the corner of Washington Avenue and South Robertson Street, New Orleans, on April 8, 1976, 2:30 PM, Larry Benoit was shot in the throat with a .38 caliber revolver during a street corner shootout. Defendant admitted the shooting but alleged it was in self-defense.
The initial joinder of offenses in the same indictment was proper, and, therefore, there was no error in the trial court's denial of the motion to quash (Assignment No. 1). As amended by La. Acts 1975, No. 528, § 2, C.Cr.P. 493, regarding joinder of offenses, provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
*1287 Under these liberalized joinder rules, offenses which are of the "same or similar character" and are triable by the same mode of trial may be tried together. The two offenses charged in the instant case both were homicides, committed with handguns, which occurred within the same general area on the same day, and were subject to the same mode of trial. Although the crimes were not committed in a similar manner nor under similar circumstances, the general similarities between the type of offense, and time and place were sufficient to allow their joinder under C.Cr.P. 493. See State v. Carter, 352 So.2d 607 (La. 1977). See also State v. Nelson, 357 So.2d 1100, decided April 10, 1978; State v. Mitchell, 356 So.2d 974, decided March 6, 1978; State v. Holstead, 354 So.2d 493 (La. 1977); State v. Proctor, 354 So.2d 488 (La. 1977).
Although joinder is technically permissible under Article 493, C.Cr.P. 495.1 was added by La. Acts 1975, No. 528 § 3 to allow a severance where prejudice resulting from joinder is such that either party's right to a fair trial is jeopardized. Article 495.1 provides:
The court on application of the prosecuting attorney, or on application of the defendant shall grant a severance of offenses whenever: (a) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or
(b) if during the trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The Court shall consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.
The likelihood of jury confusion was not present here; only two offenses were at issue, both violations of the same statute, and the evidence itself was relatively uncomplicated. See State v. Nelson, supra; State v. Mitchell, supra. However, the question the judge must consider when faced with a motion to sever is: when offenses are joined for trial because they are of the "same or similar character" under C.Cr.P. 493, would evidence of one crime be admissible as "other offenses" under the standards established in State v. Prieur, 277 So.2d 126 (La.1973), and State v. Moore, 278 So.2d 781 (La.1973)? State v. Holstead, supra; State v. Carter, supra.
As we stated in State v. Carter, 352 So.2d 607, 614:
. . . when crimes, which have been joined simply because they are the same or similar character offenses, are indeed legitimate "other crimes" under Prieur and its progeny (the offenses are sufficiently similar, the evidence is relevant to a real issue in each case, and the prejudicial effect of the evidence does not outweigh its probative value), a decision not to sever the crimes will normally be proper. Conversely, we hold that when offenses, which have been joined solely because they are same or similar character offenses, are not legitimate "other crimes" under Prieur and its progeny, they should normally be severed upon pretrial motion of the accused or the state.
In order to be admissible to prove identity the other crimes must be distinctively similar in system, State v. Jackson, 352 So.2d 195 (La.1977); State v. Slayton, 338 So.2d 694 (La.1976); State v. Waddles, 336 So.2d 810 (La.1976); State v. Hicks, 301 So.2d 357 (La.1974), or "so peculiarly distinctive that one must logically say that [the two crimes] are the work of the same person." State v. Lee, 340 So.2d 1339, 1345 (La.1976) (concurring opinion).
The two offenses in the instant case are not so peculiarly distinctive that they can be considered "signature crimes:" they would not therefore, have been reciprocally admissible in separate trials. The only common elements between the two crimes were that they took place in the same general *1288 area within 13 hours of each other and were both homicides committed with the use of handguns. Otherwise they were dissimilar: Brown was murdered during the early morning hours behind defendant's cousin's residence when no witnesses were present; Benoit was killed in the midafternoon at a public street corner in full view of many witnesses. The weapon used in the Brown incident was a .22 caliber revolver; Benoit was probably killed by a shot fired from a .38 caliber revolver.
The State argues that there was no reversible error committed by the trial judge's denial of the severance since the jury was apparently able to sift the evidence presented for each offense, as evidence by their verdict of not guilty for the Brown homicide, and guilty of a lesser included offense for the Benoit homicide. Admittedly, the standards set out in State v. Carter, supra, are not absolutes. 352 So.2d at 614. In Carter, we recognized that in certain instances where offenses would not be admissible under Prieur, it may still be proper to deny a severance. For example, we noted an appropriate situation where "the state's evidence as to several crimes is so overlapping and totally singular that trial should be had on all the joined crimes at one time." 352 So.2d at 614 n. 13. However, the denial of the severance was not proper in the instant case. The jury might have considered the Brown murder charge in rejecting, for the most part, defendant's allegations of self-defense to the Benoit murder charge. The State produced only one eyewitness to the street corner shootout who stated that the victim, Benoit, was unarmed. The defense, on the other hand, produced three witnesses all of whom testified that Benoit was armed and shot at the defendant. One of those witnesses, Larry Powell, had been involved in the shootout, was wounded by a shot fired by defendant, and admitted having first shot at defendant. Another defense witness testified that the day before the shootout he saw Benoit and Powell shoot at but miss the defendant and state that they would "get" him. Therefore, the State's evidence against defendant for the Benoit homicide was relatively weak, especially in light of the evidence offered by the defense. It was likely that the evidence of the other crime contributed to the jury's verdict of guilty of manslaughter for Benoit's death. Hence, we cannot say that the joinder was harmless. Defendant may have been deprived of a fair determination of guilt or innocence as to each crime charged. C.Cr.P. 495.1.
Other pertinent questions are: (1) whether the proof of other crimes is relevant to prove a fact of consequence to the accused's present guilt, or innocence (independent of the inadmissible purpose to infer that the accused was a bad man who committed the crime on trial because he committed the other one), State v. Moore, supra; State v. Jordan, 276 So.2d 277 (1973); State v. Mitchell, supra; State v. Jackson, supra; State v. Frederick, 340 So.2d 1353 (La. 1976); and (2) whether the probative value of the evidence of the other crime outweighs its prejudicial effect, State v. Mitchell, supra; State v. Jackson, supra; State v. Ledet, 345 So.2d 474 (La.1977); State v. Moore, 278 So.2d 781 (La.1973).
Neither question can be answered in the affirmative. Neither shooting proved anything about the other, except that the assailant was a bad man. And, as noted above, the prejudicial effect of the evidence of the cumulated shootings could have easily persuaded a doubting juryman that defendant was guilty of something.
Accordingly, we conclude that there was error in denying defendant's motion for severance. The conviction for manslaughter is reversed, the sentence is set aside, and a new trial is ordered for the killing of Larry Benoit.
SANDERS, C. J., and SUMMERS, J., dissent.