359 So.2d 104 (1978)
STATE of Louisiana, Appellee,
v.
Glendell SHOWERS, Appellant.
No. 61114.
Supreme Court of Louisiana.
May 22, 1978.
*105 John M. Lawrence, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was charged in a single (bill of) information with three armed robberies and one attempted armed robbery. After trial by jury, he was convicted and sentenced to seventy-years at hard labor, the sentences on each count to run concurrently.
Of the seven assignments of error made for the defendant's appeal, Assignment No. 1 possesses reversible merit. This involves the joinder for indictment and trial of our entirely unrelated robbery incidents, and the denial of a fair trial to the defendant resulting from the undue prejudice thereby sustained by him in eroding his constitutional presumption of innocence with respect to each single charge.

(1)
The assignment concerns the denial of the defendant's motion to sever the four counts. The motion is based on La.C.Cr.P. art. 495.1 (1975). This enactment requires the court upon application of a party to sever the trial of the offenses "whenever. . . it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense."
At the hearing on the motion, the defendant argued that the joinder of all four incidents in one trial "would severely prejudice the defendant's right to a fair trial, if he has to face a trial on all four counts with different victims and different days" and that the state was "simply trying to overwhelm the defendant with multiple counts in one information."

(2)
The four entirely disconnected incidents of robbery or attempted robbery were joined under the new joinder provision of La.C.Cr.P. art. 493 (1975) that two or more offenses may be charged in the same indictment if they "are of the same or similar character." In State v. Carter, 352 So.2d 607, 614 (rehearing denied, December 14, 1977), after full discussion, we held that "when offenses, which have been joined solely because they are the same or similar character offenses, are not legitimate `other crimes' under Prieur and its progeny, they should normally be severed upon pre-trial motion of the accused or the state."
Traditionally, the state cannot introduce evidence that the defendant has committed unrelated other crimes in order to infer his guilt of the present crime with which charged because he is a bad man. However, La.R.S. 15:445, 446, permit the introduction into evidence of independent other crimes for limited purposes.
In State v. Prieur, 277 So.2d 126 (La. 1970), we set forth guidelines for this exceptionally-permitted evidence of extraneous offenses, for limited purposes. By the guidelines, we intended to assure that use of other-crime evidence is limited to the narrow purposes for which authorized and that such evidence of unrelated other crimes will not prejudice an accused of a fair determination of his guilt or innocence of the only crime with which he is presently charged.
In Carter, cited above, we held that, for the same reasons that evidence of extraneous offenses is inadmissible under Prieur, a denial of severance of the trial of unrelated crimes would deny an accused a fair trial as to his innocence or guilt of each of the separate offenses charged. We stated, 352 *106 So.2d 613, "the evidence as to all crimes charged tends to cumulate to prove each, thus prejudicing the defendant in his right to a separate determination of his guilt or innocence on each charge."

(3)
The state argues that the four robbery incidents were admissible under Prieur, because the defendant employed the same method and plan of operation (i. e., system) in each of the robberies.
In the four incidents, in a period of six days, the defendant is charged with having robbed four Time Saver Convenience stores at night, three of them in the uptown area of New Orleans and one at New Orleans East. A witness from each incident identified the defendant as having been one of two men who entered the respective stores, the defendant being armed with a shotgun. In three instances, the robbery was completed, but in the fourth the defendant and his accomplice were arrested by policemen while in the course of the robbery.
The defendant did not introduce any evidence.

(4)
In State v. Jackson, 352 So.2d 195 (La. 1977), we summarized the jurisprudence permitting, in limited instances, the introduction of other-crime evidence to prove "system" or modus operandi. Paraphrasing our summary, we stated:
It is true that this court has held to be admissible, for limited purposes, proof of other crimes exhibiting almost the identical modus operandi or system, committed in close proximity in time and place. State v. Jones, 332 So.2d 466 (La.1976) (a pre-Prieur trial); State v. Price, 325 So.2d 780 (La. 1976); State v. Vince, 305 So.2d 916 (La. 1974); State v. Lawrence, 294 So.2d 476 (La.1974).
However, as the jurisprudence has clarified, the other crime must be distinctively similar in system, State v. Slayton, 338 So.2d 694 (La.1976); State v. Waddles, 336 So.2d 810 (La.1976); State v. Hicks, 301 So.2d 357 (La.1974) i. e., "so peculiarly distinctive that one must logically say that they [the two crimes] are the work of the same person," State v. Lee, 340 So.2d 1339, 1345 (concurring opinion of Mr. Justice Dennis) (La.1976). Furthermore, the proof of the other crime as part of the system must be relevant to prove a fact of consequence to the accused's present innocence or guilt (not including the inadmissible purpose to infer that the accused committed the present crime because he had committed the other one). State v. Ledet, 345 So.2d 474 (La.1977); State v. Frederick, 340 So.2d 1353 (La.1976); State v. Gaines, 340 So.2d 1294 (La.1977); State v. Hicks, 301 So.2d 357 (La.1974); State v. Harrison, 291 So.2d 782 (La.1974).
Of course, as the cited decisions emphasize, not only must the other-crime evidence first be found relevant to a material fact actually at issue, but its probative value must outweigh its prejudicial effect. See State v. Ledet, 345 So.2d 474 (La.1977). In emphasizing the limited purposes for which other-crime evidence may be used, and the limitations upon its use even for such purposes, Ledet summarizes the governing values in the exercise of the trial judge's limited discretion to admit it, 345 So.2d 478:
"* * * Because of the substantial risk that the extraneous evidence may detract from the constitutional right to be presumed innocent until proven guilty beyond a reasonable doubt of the crime charged, other crimes can only be admitted after a `showing by the State that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant's bad behavior, and that it serves the actual purposes for which offered.'"

(5)
Under these principles, the evidence of each of the four crimes would be inadmissible to prove guilt of any of other of them. This is so, because:
*107 In the first place, even if proof of system was relevant to any issue of the prosecution, these armed robberies are not so peculiarly distinctive in method as to indicate they were the work of one person.
More important, however, proof of system was not relevant to any arguable factual issue of consequence to the determination of the accused's present innocence or guilt of any of the crimes charged. At most, if accepted, the cumulated evidence simply proves that the accused committed four entirely unrelated crimes. The evidence of the other crimes did not tend to prove any fact of consequence in the determination of guilt of any particular crime, aside from the inadmissible purpose of inferring that the accused had committed all four crimes because he had undoubtedly committed one, e. g., the last offense for which arrested at the scene or more of them.
In the present case, in each instance, the witnesses identified the accused without reservation as the offender. If their undenied testimony is accepted as truthful, the identity of the accused as being the offender in each instance is not an arguable fact of consequence at actual issue, since the accused did not attempt to show mistaken identity. Considering the other-crime evidence in connection with the testimony of each witness as to a particular crime, its effect is not to prove the accused's identity for a purpose relevant to any disputed fact of consequence at arguable issue; the effect of its introduction is rather, inadmissibly, only to tend to prove that the testimony of each victim is correct because, if the defendant committed the other crimes, he may have committed the present one and thus that each victim is testifying truthfully.
As emphasized earlier, the state is not permitted to prove that an accused committed the crime charged simply because he is a bad man who had committed similar crimes on other occasions. The proof of the other crimes is thus not admissible to prove guilt of a crime charged, under traditional principles of fairness and in view of the constitutional presumption of an accused's innocence of the offense with which he is charged. This presumption constitutionally can only be overcome by the state's proof beyond a reasonable doubt that the accused had committed that crime.
Decisions in which system evidence was admissible to prove identity are distinguishable. In State v. Mitchell, 356 So.2d 974 (La.1978) (1978), identity was held to be an arguable factual issue of consequence because of defense alibi evidence suggesting that another person had committed the crimes. In State v. Ballard, 351 So.2d 484 (La.1977), the victim testified that his robber partially hid his face with a handkerchief, and the identification was therefore subject to strong attack. In State v. Vince, 305 So.2d 916 (La.1974) the court merely observed that "identification of the defendant was a serious issue." 305 So.2d at 922. While not clear from the discussion, presumably the nature of the evidentiary clash put at issue the identity of the perpetrator of an admitted offense.
Conclusion
The denial of the motion to sever the trail of the four offenses deprived the defendant of a fair trial as to his innocence or guilt of each of them. Proof of other crimes is improper and prejudicial, when its chief probative effect is only to prove the ultimate issue of the accused's guilt of one crime, solely because the accused had on other occasions committed similar crimes.
In this case, the chief effect of cumulating in one trial evidence of the defendant's alleged participation in each of them was, by this cumulation, to tend to prove he is a bad man and thus to deprive him of his constitutional presumption of innocence of each crime until the state proves the contrary by proof beyond a reasonable doubt.
Accordingly, we must reverse the convictions and sentences, and remand this case for new trial in accordance with law.
REVERSED AND REMANDED.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent.