364 So.2d 585 (1978)
STATE of Louisiana
v.
Charles HAMILTON.
No. 62225.
Supreme Court of Louisiana.
November 13, 1978.
*586 Patrick D. McArdle, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant Charles Hamilton was charged in the same bill of information with three unconnected offenses of armed robbery based on separate acts committed at different times and places. A jury of twelve persons convicted defendant of two of the offenses and found him not guilty of the third. Subsequently defendant was adjudged to be a multiple offender, La.R.S. 15:529.1, and sentenced to serve a total of one hundred years at hard labor for the two offenses.
On appeal defendant relies on three assignments of error for reversal of his conviction and sentence. Since defendant's first assignment presents reversible error the others are pretermitted.
In his first assignment defendant contends that the trial court committed error by refusing to grant a severance of the three offenses before trial. A severance of offenses requested before trial is mandatory if "it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense." La.C.Cr.P. art. 495.1. In interpreting the statutory command that the trial court shall grant a severance whenever it will promote a fair trial, this Court in State v. Carter, 352 So.2d 607, 614 (La. 1977) held that normally a joint trial of several offenses will not promote a fair trial if the defendant will be prejudiced by the introduction of evidence of other offenses which the rules of evidence would exclude in the interest of a fair trial if the offenses were tried separately.
In State v. Showers, 359 So.2d 104 (La. 1978) and State v. Nelson, 357 So.2d 1100 (La.1978) we applied Louisiana Code of Criminal Procedure Article 495.1, as interpreted by Carter, to facts showing that separate and disconnected offenses had been tried jointly despite the defendant's pretrial motion for severance, and held that a severance should have been granted because a separate trial of any offense would not have permitted the introduction of evidence of the other joined offenses. In the Showers and Nelson cases the State contended that if the offenses had been tried separately the evidence would have been admissible because all of the crimes alleged to have been committed by the defendant were "signature crimes," i. e., they were "so peculiarly distinctive that one must logically say they are the work of the same person." State v. Lee, 340 So.2d 1339, 1345 (La.1976) (concurring opinion). Although it *587 was recognized that evidence of a "signature crime" may in some instances be introduced as an exception to the rule that, when a person is charged with a crime the law forbids use of evidence of other illegal acts to convict the person of the crime, after a careful examination of the facts in each case this Court concluded that the criminal incidents were not so peculiarly distinctive that they could fairly be considered as signature crimes. State v. Showers, supra, State v. Nelson, supra.
In the instant case the three armed robberies bear some similarity but they are so lacking in distinctiveness, and so like the features of many other armed robberies, that the evidence of each offense had little, if any, probative value on any issue involved in the trial of the other crimes. The robberies were committed by two black men at business establishments within the City of New Orleans within a three month period. The robbers used the same commonplace obscenity in ordering the employees and customers to lie on the floor while money was taken from their persons and the case register. One of the perpetrators carried a large silver revolver in each robbery. Unfortunately crimes bearing these common marks are so numerous that it cannot be said that they were distinctive in any way. Thus, a separate trial of any of the three offenses in the instant case would not have permitted the state to introduce evidence of the other offenses, and the defendant's pretrial motion for a severance should have been granted for the reasons stated in State v. Showers, supra, State v. Nelson, supra, and State v. Carter, supra.
The State tacitly concedes that the trial court's refusal to sever the offenses constituted clear error under the decisions of this Court, but it requests that we reconsider our decisions in State v. Carter, supra, and State v. Showers, supra, for the reasons set out at length in the State's application for rehearing in State v. Nelson, supra. Otherwise, the State presents no argument in an attempt to persuade this Court that a severance was inappropriate to promote a fair trial in the instant case. The State's application for a rehearing in State v. Nelson was denied after consideration by this Court on May 19, 1978, 357 So.2d 1100. In addition this Court has consistently upheld the principles announced in State v. Carter. State v. Showers, supra; State v. Nelson, supra; State v. Lewi's, 358 So.2d 1285 (La. 1978);State v. Holstead, 354 So.2d 493 (La. 1977); State v. Proctor, 354 So.2d 488 (La. 1977).
Alternatively, the State argues that the refusal to grant the severance was harmless error because several victims of the two offenses of which the defendant was convicted identified him as one of the armed robbers. This argument is difficult to consider as having been made seriously because it ignores a basic constitutional limitation upon this Court's appellate jurisdiction. "In criminal matters, its appellate jurisdiction extends only to questions of law." La.Const.1974, Art. 5, § 5(C). The jury acquitted the defendant of one offense. Whether defendant should be found guilty of the other charges in a fair trial, i. e., when each charge is considered separately without evidence of other illegal acts, is a question of fact which can only be decided by a trier of facts. Because we have no way of knowing whether separate juries would have reached the same results in separate trials, and because in criminal appeals we are prohibited from reviewing the evidence and making a factual determination, we cannot declare that the failure to sever the offenses was harmless or inconsequential to the actual or a just outcome of the prosecutions against the defendant. See, State v. Burnette, 353 So.2d 989 (La. 1977).
Accordingly, the defendant's convictions and sentences are reversed and the case is remanded for separate trials of each offense, or other proceedings consistent with this opinion.
SANDERS, C. J., and SUMMERS, J., dissent.
MARCUS, J., dissents and assigns reasons.
*588 MARCUS, Justice (dissenting).
I do not find that the trial judge erred in refusing to sever the three offenses before trial. I consider that a fair determination of defendant's guilt or innocence of each offense was accomplished in this single trial of the three offenses. La.Code Crim.P. art. 495.1(a). Accordingly, I respectfully dissent.